# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

(E-Filed: December 19, 2013)

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| ANN MCCLENAGHAN, | * | No. 12-757V |
| Administrator of the Estate of | * | |
| MADELINE MACKAY, Deceased, | * | |
| | * | |
| Petitioner, | * | Special Master |
| | * | Hamilton-Fieldman |
| v. | * | |
| | * | Stipulated Decision; Influenza |
| SECRETARY OF HEALTH | * | Vaccine; Guillain-Barre Syndrome |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Ronald C. Homer, Boston, MA, for Petitioner.
Tara J. Kilfoyle, Washington, DC, for Respondent.

## UNPUBLISHED DECISION[1]

On November 5, 2012, Ann McClenaghan ("Petitioner"), as administrator of the estate of Madeline MacKay, deceased, filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Program"). [2]

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, "the entire" decision will be available to the public. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

Petitioner alleges that as a result of a trivalent influenza vaccination Ms. MacKay received on October 21, 2010, Ms. Mackay developed Guillain-Barre Syndrome. Petitioner further alleges that Ms. Mackay's death on November 11, 2010 was the sequela of her alleged vaccine-related injury.

Respondent denies that the flu vaccination caused Ms. MacKay's Guillain-Barre Syndrome, and/or any other injury. Respondent further denies that Ms. MacKay experienced the residual effects of her alleged vaccine-related injury for more than six months, and denies that Ms. MacKay's death was vaccine related.

On December 2, 2013, counsel for both parties filed a stipulation, stating that a decision should be entered awarding compensation. The parties stipulated that Petitioner shall receive the following compensation:

> A lump sum of $ 302,500.00 in the form of a check payable to petitioner as legal representative of the estate of Madeline MacKay. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a) . . . .

Stipulation ¶ 8.

The parties further stipulated that they will submit to further proceedings to award reasonable attorney's fees and costs incurred in proceeding upon this petition. Stipulation ¶9.

Pursuant to the attached Stipulation (Appendix A), the undersigned approves as reasonable the requested amount for Petitioner's compensation. Accordingly, **an award should be made in the form of a check payable to Petitioner in the amount of $302,500.00**. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

ANN MCCLENAGHAN, Administrator )
of the Estate of MADELINE MACKAY, )
Deceased, )
        Petitioner, )
                         )
                         )    No. 12-757V
v. )    Special Master Hamilton-Fieldman
                         )    ECF
                         )
SECRETARY OF HEALTH AND )
HUMAN SERVICES, )
                         )
        Respondent. )

## STIPULATION

The parties hereby stipulate to the following matters:

1. Ann McClenaghan ("petitioner"), as administrator of the estate of Madeline MacKay ("Ms. MacKay") deceased, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Ms. MacKay's receipt of a trivalent influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Ms. MacKay received her flu vaccination on or about October 21, 2010.

3. The vaccine was administered within the United States.

4. Petitioner alleges that as a result of receiving the flu vaccine, Ms. MacKay suffered Guillain-Barré Syndrome ("GBS"). Ms. MacKay passed away on November 11, 2010. Petitioner further alleges that Ms. MacKay's death was the sequela of her alleged vaccine-related injury.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Ms. MacKay as a result of her alleged condition or her death.

6. Respondent denies that the flu vaccination caused Ms. MacKay's GBS, and/or any other injury. Respondent further denies that Ms. MacKay experienced the residual effects of her alleged vaccine-related injury for more than six months, and denies that Ms. MacKay's death was vaccine-related.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$302,500.00** in the form of a check payable to petitioner as legal representative of the estate of Madeline MacKay. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorney's fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies,

2

Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the Administrator of the Estate of Madeline MacKay under the laws of the State of Pennsylvania. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as the Administrator of the Estate of Madeline MacKay. If petitioner is not authorized by a court of competent jurisdiction to serve as the Administrator of the Estate of Madeline MacKay at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as Administrator of the Estate of Madeline MacKay upon submission of written documentation of such appointment to the Secretary.

13. In return for the payment described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in her individual capacity and as a legal representative of the Estate of Madeline MacKay, and on behalf of Ms. MacKay's heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine

3

Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Madeline MacKay resulting from, or alleged to have resulted from, the flu vaccination administered on October 21, 2010, as alleged by petitioner in a petition for vaccine compensation filed on or about November 5, 2012, in the United States Court of Federal Claims as petition No. 12-757V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Ms. MacKay's alleged GBS or any other injury or her death.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

4

END OF STIPULATION

Respectfully submitted,

PETITIONER:

ANN MCCLENAGHAN

ATTORNEY OF RECORD FOR
PETITIONER:

RONALD C. HOMER, ESQ.   Rule 83.1(c)(2)
Conway, Homer & Chin-Caplan, P.C.
16 Shawmut St.
Boston, MA 02116
Tel: (617) 695-1990

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

VITO CASERTA, M.D., M.P.H.
Acting Director, Division of
Vaccine Injury Compensation (DVIC),
Director, Countermeasures Injury
Compensation Program,
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

TARA J. KILFOYLE
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 514-9729

Dated: 12/2/2013

6